UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff-Respondent,<br><br>v.<br><br>MARK DANIEL KITZMAN,<br><br>                Defendant-Movant. | Case No. 1:09-CV-584-BLW<br>         1:06-CR-126-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Mark Daniel Kitzman's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Dkt. 1). Having reviewed the Motion together with its supporting Memorandum of Law, the Government's Motion to Dismiss and Response (Dkt. 5), and Kitzman's Reply (Dkt. 9),[1] as well as the underlying criminal record, the Court enters the following Order dismissing the § 2255 Motion on the grounds of waiver.

## BACKGROUND AND SUMMARY OF ISSUES

Kitzman was indicted along with eleven other individuals on June 19, 2006. He was charged with continuing criminal enterprise (Count 1), conspiracy to manufacture/distribute/possess with intent to distribute controlled substances (Count 2),

---

[1] Unless otherwise noted, all further docket numbers will refer to the underlying criminal case, 1:06-CR-126-BLW.

conspiracy to launder money (Count 3), conspiracy to launder money (Count 4), continuing criminal enterprise forfeiture (Count 5), and drug forfeiture (Count 6). The charges related to a 30-year period of drug trafficking and money laundering. He was arraigned on September 20, 2006.

On May 23, 2007, a Superseding Indictment was filed which added three more co-Defendants as well as a count charging conspiracy to structure transactions, launder money, and use interstate facilities (Count 4). *Superseding Indictment*, Dkt. 197. Kitzman was arraigned on the Superseding Indictment on July 5, 2007. On December 12, 2007, pursuant to a Rule 11(c)(1)(C) binding Plea Agreement, he pleaded guilty before United States Magistrate Judge Larry M. Boyle to the drug conspiracy and money laundering conspiracy charges (Counts 2 and 3, respectively) together with the related forfeiture Counts 6 and 7. *Minutes*, Dkt. 417; *Plea Agreement*, Dkt. 393.

Kitzman pleaded guilty in exchange for the Government's agreement to dismiss the remaining counts, to recommend a sentence of between six and nine years, to make certain concessions regarding the forfeiture of his property, and to move for a downward departure under § 5K1.1 if Kitzman provided what the Government determined was substantial assistance in the investigation of others. The dismissal of Count 1, the continuing criminal enterprise charge, relieved him of a 20-year statutory minimum sentence. The Government's informal agreement not to file a § 851 sentencing enhancement based on his prior drug conviction also relieved him of a mandatory sentence of twenty years on Count 2, the drug conspiracy charge.

Between the time of his arraignment on the original Indictment through the entry of his plea to the Superseding Indictment, Kitzman was represented by a succession of two court-appointed attorneys and retained counsel Andrew Parnes. Scott Gatewood was appointed counsel at the arraignment on the Indictment. *Minutes*, Dkt. 51. He moved to withdraw based on irreconcilable differences that had arisen between him and Kitzman. *Mot. to Withdraw*, Dkt. 160. Mr. Gatewood had made arrangements for Kitzman to review over 13,000 pages of discovery and had visited with Kitzman at the Ada County Jail on sixteen occasions to review that discovery. *Gatewood Aff.*, Dkt. 160-1. At the final meeting, it was apparent that there was a total breakdown of communication, and Kitzman indicated his desire for new appointed counsel. *Id.* at ¶¶ 5-6.

The Court granted Mr. Gatewood's motion and appointed attorney Robert Wallace. *Order*, Dkt. 161. Mr. Wallace represented Kitzman at the arraignment on the Superseding Indictment and through initial plea negotiations. Mr. Parnes, who became attorney of record approximately six weeks prior to the change of plea hearing, negotiated the final Plea Agreement, and represented Kitzman through sentencing. *Notice of Substitution of Attorney*, Dkt. 314.

On June 29, 2009, the Court accepted the binding Plea Agreement, granted a 2-level departure pursuant to § 5K1.1, and imposed a sentence of 78 months on Counts 2 and 3 to be served concurrently. *Judgment*, Dkt. 884. The sentence was well below the statutory minimum of 10 years and near the bottom of the agreed upon range. He did not appeal his conviction or sentence.

On December 17, 2009, Kitzman timely filed the pending § 2255 Motion. He alleges six grounds for relief: (1) fraudulently induced plea, (2) ineffective assistance of counsel during plea negotiations, (3) Congress' lack of authority to enact 21 U.S.C. § 801, (4) the unconstitutionality of the conspiracy and continuing criminal enterprise statutes, (5) Congress' lack of authority to enact Fed. R. Crim. P. 11, and (6) invalid grand jury. The Government contends that Kitzman waived his right to bring this § 2255 Motion and that, to the extent that they are not waived, his claims are otherwise subject to summary dismissal.

## LEGAL STANDARD

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a federal district court judge must dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."

If the Court does not dismiss pursuant to Rule 4(b), the Court shall order the Government "to file an answer, motion, or other response within a fixed time, or to take

other action the judge may order."

The Court may dismiss a § 2255 motion at other stages of the proceeding such as pursuant to a motion by respondent, after consideration of the answer and motion, or after consideration of the pleadings and an expanded record. *See* Advisory Committee Notes following Rule 8 of the Rules Governing Section 2254 Proceedings incorporated by reference into the Advisory Committee Notes following Rule 8 of the Rules Governing Section 2255 Proceedings.

If the Court does not dismiss the proceeding, the Court then proceeds to a determination under Rule 8 of whether an evidentiary hearing is required. The Court need not hold an evidentiary hearing if the issues can be conclusively decided on the basis of the evidence in the record. *See Frazer v. United States*, 18 F.3d 778, 781 (9th Cir. 1994).

## ANALYSIS

Pursuant to the Plea Agreement, in return for the concessions made by the Government, Kitzman agreed to waive his right to appeal or seek relief under § 2255 except under certain limited circumstances.[2] *Plea Agreement* ¶ VII, Dkt. 393. More

---

[2] The full waiver provision provides as follows:

    A.    In exchange for the Government's concessions in this Plea Agreement, and except as provided in subparagraph B, defendant waives to the full extent of the law any right to appeal or to collaterally attack the conviction, entry of judgment, sentence (including any restitution or forfeiture order), or entry of sentence. This waiver includes appeals and collateral attacks based on any source whatever, including but not limited to:

    1.    28 U.S.C. § 1291 (judgment and conviction);
    2.    18 U.S.C. §§ 3553 and 3742(a), and 28 U.S.C. § 1291 (sentencing);
    3.    28 U.S.C. §§ 2241 - 2255 (habeas corpus).

specifically, Kitzman agreed to waive his right to file a § 2255 motion but retained the right to file one § 2255 motion if he believed that he received ineffective assistance of counsel based solely on information not known to him at the time sentence was imposed and which, in the exercise of reasonable diligence, could not have been known by him at that time. *Id*. at ¶ VII.C.

**1.    Waiver**

A defendant may waive his statutory right to file a § 2255 motion challenging his sentence. *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir.), *cert. denied*, 508 U.S. 979 (1993). However, a plea agreement must expressly state that the right to bring a § 2255 motion is waived in order for the waiver to be valid. *United States v. Pruitt*, 32 F.3d 431 (9th Cir. 1994) (finding that language in plea agreement that "he will not appeal whatever sentence is imposed by the court" did not constitute a waiver of the right to

---

The defendant acknowledges and agrees that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his conviction or sentence in this case. Further, if the defendant files a notice of appeal or a habeas petition, notwithstanding this agreement, defendant agrees that this case shall, upon motion of the Government, be remanded to the district court to determine whether defendant is in breach of this agreement and, if so, to permit the Government to withdraw from the Plea Agreement.

If the defendant believes the Government has not fulfilled its obligations under this agreement, defendant will object at the time of sentencing; otherwise the objection will be deemed waived.

B.      Notwithstanding subparagraph A, the defendant shall retain the right to file one direct appeal if the sentence imposed exceeds the statutory maximum as determined by the district court;

C.      Notwithstanding subparagraph A, the defendant shall retain the right to file one habeas petition (motion under 28 U.S.C. § 2255) if the defendant believes he received ineffective assistance of counsel based solely on information not known to the defendant at the time the district court imposed sentence and which, in the exercise of reasonable diligence, could not have been known by the defendant at that time.

bring a § 2255 motion).  Nevertheless, even an express waiver may not bar an ineffective assistance of counsel claim challenging the knowing and voluntary nature of the plea agreement or the voluntariness of the waiver itself.  *United States v. Jeronimo*, 398 F.3d 1149, 1156 n.4 (9th Cir. 2005).  *See also Washington v. Lampert*, 422 F.3d 864, 871 (9th Cir. 2005) (finding waiver of right to file § 2254 petition is unenforceable with respect to an ineffective assistance of counsel claim challenging the voluntariness of the waiver itself).

Here, the waiver provision specifically states that the right to file a § 2255 motion is waived except for a § 2255 motion alleging ineffective assistance of counsel based solely on information not known to him at the time sentence was imposed.  None of the allegations Kitzman advances was unknown to him at the time he entered his plea or at the time his sentence was imposed.  Therefore, unless his waiver was unknowing and involuntary, all of his claims are barred.  Kitzman has not challenged the voluntariness of the waiver itself.  However, he alleges the plea itself was fraudulently induced which may be interpreted to include the Plea Agreement as well.

**2.      Knowing and Voluntary Plea**

A guilty plea is constitutionally valid only if it is "voluntary" and "intelligent." *Bousley v. United States*, 523 U.S. 614, 618 (1998) (citing *Brady v. United States*, 397 U.S. 742, 748 (1970)).  A guilty plea is deemed valid when a defendant is advised of the nature and elements of the charges against him and the possible punishment and understands that he is waiving his constitutional rights to avoid self-incrimination, to

confront his accuser, and to have a jury decide his case. *See Brady*, 397 U.S. at 749. Furthermore, to be valid, a plea must not be made based on threats, misrepresentations, or improper promises. *Id*. at 755.

Statements made in open court at the time of a plea carry a strong presumption of verity and are entitled to great weight. *Chizen v. Hunter*, 809 F.2d 560, 562 (9th Cir. 1986) (citing *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977)); *see also United States v. Kazcynski*, 239 F.3d 1108, 1114-15 (9th Cir 2001) ("substantial weight" must be given to in-court statements). Even though that presumption is not necessarily an insurmountable barrier to an evidentiary hearing, the "subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Id.* (citations omitted).

### A. Plea Agreement

Kitzman's signed Plea Agreement advised him of the nature and elements of the charges to which he was pleading guilty, including a detailed factual basis for those charges. *Plea Agreement* ¶ III. The Plea Agreement also advised him of the statutory maximum penalty for each count. *Id*. ¶ IV. Finally, it advised Kitzman of his constitutional rights including "(1) the right to plead not guilty to the offense(s) charged against [him] and to persist in that plea; (2) the right to a trial by jury; and (3) the rights, at trial, to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify, to present evidence and to compel the attendance of witnesses." *Id*. ¶ II.

Kitzman acknowledged that he understood he was waiving the enumerated rights by pleading guilty. *Id*. He also acknowledged that he discussed his rights with his attorney and understood them, that the government did not make any promises or inducements in exchange for the plea, and that no one had threatened or coerced him to enter a plea of guilty. *Id*. ¶ XIII.

### B. Plea Colloquy

The Court listened to the recording of the change of plea hearing. Judge Boyle conducted an exhaustive plea colloquy during which Kitzman stated under oath that he had reviewed the Superseding Indictment and the Plea Agreement with counsel in detail and understood them both, that he fully understood his constitutional rights and understood that he was waiving those rights, and that his decision to plead guilty was not the result of any threat or promise.

Judge Boyle reviewed the provisions of the Plea Agreement, including the those advising him of the nature and elements of the offenses and the statutory penalties. Judge Boyle asked Kitzman if he had gone over every provision with his attorney, read every word, understood every word, and asked and had answered any question that he had. Kitzman responded without hesitation to each question. Most significantly to Kitzman's pending claims, he responded that he understood that he was waiving his right to file an appeal or a [§ 2255](#) motion. The plea colloquy could not have been more thorough.

### C. Grounds

As grounds for his claim of involuntary plea, Kitzman contends that the continuing

MEMORANDUM DECISION AND ORDER - 9

enterprise charge was "fraudulent" and "brought solely for the purpose of 'leverage' in order to terrorize the defendants in order to induce them to accept a guilty plea to a 'lesser offense'" and, relatedly, that the Government deliberately "stacked bogus charges" to deceive him into thinking he was "facing more charges than the law allows" to induce a guilty plea. *§ 2255 Memorandum* at 8-16, Dkt. 1-1.

Kitzman's stated grounds are merely conclusory allegations made in hindsight that do not support a finding of fraudulently induced or involuntary plea. They do not overcome the strong presumption of verity of his sworn statements at the change of plea hearing which complied in every respect with the requirements of Fed. R. Crim. P. 11. Furthermore, as noted by the Government, a defendant may be tried and convicted of both a conspiracy and a continuing criminal enterprise charge although he may not be sentenced for both offenses without violating the Double Jeopardy Clause. *See United States v. Ziskin*, 360 F.3d 934, 948-49 (9th Cir. 2003). By implication, a defendant may be indicted for both offenses.

### 3. Ineffective Assistance of Counsel at Plea Stage

To the extent that ineffective assistance of counsel at the plea stage could support a finding of involuntary plea and invalidate the waiver, the Court will address Kitzman's allegations that counsel was ineffective for "not recognizing a bad indictment," for aiding and abetting the prosecutors, and for focusing only on a plea bargain. The Court will address these claims only as to Mr. Parnes. Kitzman exhibits obvious disdain of his two appointed counsel. However, regardless of what Mr. Gatewood or Mr. Wallace did or did

not do, Mr. Parnes ultimately negotiated the Plea Agreement and presumably cured any deficient representation.

## A. Legal Standard

The well-established two-prong test for evaluating ineffective assistance of counsel claims is deficient performance and resulting prejudice. *See Strickland v. Washington*, 466 U. S. 668 (1984). Mere conclusory allegations are insufficient to state a claim of ineffective assistance of counsel. *See Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989). The *Strickland* standard is "highly demanding." *Kimmelman v. Morrision*, 477 U.S. 365, 381-82; 386 (1986).

Both prongs of the *Strickland* test must be met. *Strickland*, 466 U.S. at 687. In order to establish deficient performance, a defendant must overcome the strong presumption that counsel's performance falls "within the wide range of reasonable professional assistance" by showing that counsel's performance "fell below an objective standard of reasonableness." *Id.*, at 688-89. In order to establish prejudice, a defendant must affirmatively prove by a reasonable degree of probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694.

The appropriate standard for determining prejudice in cases involving plea bargains is that the defendant must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

The Supreme Court very recently addressed the reasons for a "most deferential"

standard for judging counsel's performance:

> Unlike a later reviewing court, the attorney observed the
> relevant proceedings, knew of materials outside the record,
> and interacted with the client, with opposing counsel, and
> with the judge.

*Premo v. Moore*, 131 S.Ct. 733, 739-40 (2011). The Court also recognized that "[p]lea bargains are the result of complex negotiations suffused with uncertainty, and defense attorneys must make careful strategic choices in balancing opportunities and risks" of a plea. *Id.* at 741. Considerations surrounding these strategic choices in the pre-trial context "make strict adherence to the *Strickland* standard all the more essential when reviewing the choices an attorney made at the plea bargain stage." *Id.*

A difference of opinion regarding tactics is not proof of ineffective assistance of counsel because "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *See Cox v. Ayers*, 613 F.3d 883, 893 (9th Cir. 2010) (citing *Strickland*, 466 U.S. at 690 and *United States v. Mayo*, 646 F.3d 369, 375 (9th Cir. 1981) (per curiam)).

### B. Failure to Recognize a Bad Indictment

As stated by the Ninth Circuit, an indictment must meet certain requirements:

> An indictment is sufficient if it (1) contains the elements of
> the offense charged and fairly informs a defendant of the
> charge against him which he must defend and (2) enables him
> to plead an acquittal or conviction in bar of future
> prosecutions for the same offense. . . . With respect to
> conspiracies, an indictment under 21 U.S.C. § 846 . . . is
> sufficient if it alleges: a conspiracy to distribute drugs, the
> time during which the conspiracy was operative and the

>statute allegedly violated, *even if it fails to allege or prove any specific overt act in furtherance of the conspiracy.*

*United States v. Forrester*, 616 F.3d 929, 940 (9th Cir. 2010) (internal citations and quotations omitted) (emphasis added).

Kitzman alleges that counsel "was unable to recognize a bad indictment" that improperly charged both conspiracy and continuing criminal enterprise and that if counsel had investigated, he would have seen both that "bogus counts 89 *et seq*. had no substance" and that Counts 1 and 2 were beyond the statute of limitations. *§ 2255 Mem.* at 19. The Court will address each contention in turn.

First, as discussed above, there is no prohibition against charging both a conspiracy and continuing criminal enterprise offense. *Ziskin*, 360 F.3d at 948-49.

Next, when Kitzman refers to "bogus counts 89 *et seq*," the Court assumes he is referring to Predicate Acts 89 to 93 in which he claims to have not participated. *§ 2255 Mem*. at 7. However, "the government need not prove all facts charged in an indictment; instead only enough facts to prove the essential elements of the crime must be demonstrated at trial." *United States v. Jenkins*, 785 F.2d 1387, 1392 (9th Cir. 1986) (citations omitted). *See also Forrester*, 616 F.3d at 940 (indictment is sufficient even if it fails to prove any specific overt act in furtherance of the conspiracy).

Finally, Kitzman offers absolutely no grounds for his contention that the statute of limitations had run on Counts 1 and 2. His conclusory allegation is not sufficient to state a claim of ineffective assistance of counsel for failing to recognize a statute of limitations

issue. However, the Court notes that on June 6, 2008, it had rejected co-Defendant Gregory Sperow's statute of limitations argument that no evidence prior to January 8, 2003 could be introduced. *Mem. Dec. and Order* at 10 (Dkt. 616).

Kitzman has failed to identify any valid basis upon which counsel should have challenged the Superseding Indictment. A review of the Superseding Indictment reveals that it meets all of the necessary requirements for a sufficient indictment. It was very detailed and left no doubt of the charges Kitzman needed to defend. Because the government need not prove all of the allegations of an indictment, Kitzman's alleged non-involvement in certain overt acts, would not constitute grounds to dismiss the indictment.

### C. Aiding and Abetting the Prosecutors

Kitzman alleges that defense counsel "was aiding and abetting the prosecutors in their deception of defendant, in which case said 'advocate' should refund all of defendant's legal fees *and* compensate him for time spent in prison." *§ 2255 Mem.* at 17 (emphasis in original). This unsupported, conclusory allegation is frivolous and not deserving of comment.

### D. Pursuing only Plea Negotiations

Kitzman also claims that counsel was "per se ineffective" at the plea stage because his "whole line or method of defense is strictly to negotiate and/or discuss potential plea bargains." *§ 2255 Mem*. at 18. Implicit in this allegation is that counsel was ineffective in not going to trial.

Kitzman cites *Sanchez v. Mondragon* in support of his claim that counsel who

issue. However, the Court notes that on June 6, 2008, it had rejected co-Defendant Gregory Sperow's statute of limitations argument that no evidence prior to January 8, 2003 could be introduced. *Mem. Dec. and Order* at 10 (Dkt. 616).

Kitzman has failed to identify any valid basis upon which counsel should have challenged the Superseding Indictment. A review of the Superseding Indictment reveals that it meets all of the necessary requirements for a sufficient indictment. It was very detailed and left no doubt of the charges Kitzman needed to defend. Because the government need not prove all of the allegations of an indictment, Kitzman's alleged non-involvement in certain overt acts, would not constitute grounds to dismiss the indictment.

### C. Aiding and Abetting the Prosecutors

Kitzman alleges that defense counsel "was aiding and abetting the prosecutors in their deception of defendant, in which case said 'advocate' should refund all of defendant's legal fees *and* compensate him for time spent in prison." *§ 2255 Mem.* at 17 (emphasis in original). This unsupported, conclusory allegation is frivolous and not deserving of comment.

### D. Pursuing only Plea Negotiations

Kitzman also claims that counsel was "per se ineffective" at the plea stage because his "whole line or method of defense is strictly to negotiate and/or discuss potential plea bargains." *§ 2255 Mem*. at 18. Implicit in this allegation is that counsel was ineffective in not going to trial.

Kitzman cites *Sanchez v. Mondragon* in support of his claim that counsel who

pursues a plea bargain to the exclusion of preparing a defense is per se ineffective. *Sanchez* is inapposite, however, not only because it does not so hold, but also because counsel, who the defendant argued and the court assumed was likely unprepared, was "interested only in discussing potential plea bargains" despite the fact that the defendant "continually protested his innocence." *Sanchez v. Mondragon*, 858 F.2d 1462, 1466 (10th Cir. 1988), *overruled in part on other grounds by United States v. Allen*, 895 F.2d 1577 (10th Cir. 1990). Kitzman does not now – and there is no indication that he did prior to entry of his plea – proclaim his innocence of all the charges. Rather, he made admissions in various debriefings that formed the factual basis portion of the Plea Agreement.

As the Supreme Court stated in *Premo v. Moore, supra,* "[p]lea bargains are the result of complex negotiations suffused with uncertainty, and defense attorneys must make careful strategic choices in balancing opportunities and risks" between entering a plea and going to trial. *Moore*, 131 S.Ct.. at 741.

Kitzman has not identified any defenses counsel should have pursued or any other basis for indicating that he should have gone to trial. It is obvious to the Court that counsel made a reasoned choice based on the allegations in the Superseding Indictment and thousands of pages of discovery to remove the threat of the twenty-year mandatory minimum sentence that would have applied whether or not he prevailed at trial on the continuing criminal enterprise charge. The Court can find no fault in pursuing the option of a plea agreement under the circumstances. Beyond reducing Kitzman's exposure from

a twenty- to a ten-year mandatory minimum, counsel opened the door to a sentence below even the ten-year mandatory minimum. There is simply no basis for finding deficient performance.

As for *Strickland's* prejudice prong, fatally missing from Kitzman's ineffective assistance of counsel claim is a showing, or even an allegation, that there was "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. *See also Moore*, 131 S.Ct. at 745 (finding Moore's failure to make that [*Hill*] showing forecloses relief).

## CONCLUSION

The predominate themes of Kitzman's § 2255 Motion and Reply are that the grand jury, all defense counsel, and the courts work for the "prosecutors" and that Congress did not have the power to enact the laws under which he was charged. He claims that our criminal justice system "actually originated in Stalin's Soviet Union, as a cursory reading of Aleksandr Solzhenitsyn's *The Gulag Archipelago* will reveal" and that "the emperors in today's federal courts are the prosecutors with defense counsel and judges doing their bidding and going along to get along." *§ 2255 Mem.* at 17; 19. He even suggests that there is no other explanation for judges "not righting the wrongs" with the system "other than their partnership with prosecutors and a little share of the forfeitures." *Id*. at 19. The tone of his allegations is quite a departure from his demeanor and allocution at sentencing where he readily admitted, accepted responsibility, and apologized for his criminal conduct.

Nothwithstanding his criticism of the criminal justice system, Kitzman clearly and unambiguously waived his right to bring the pending § 2255 Motion. He has not demonstrated that his plea was involuntary or that counsel was ineffective in negotiating the Plea Agreement containing the waiver. Therefore, these claims and Kitzman's remaining claims are subject to summary dismissal.

## CERTIFICATE OF APPEALABILITY

A § 2255 movant cannot appeal from the denial or dismissal of his § 2255 motion unless he has first obtained a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability will issue only when a movant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard when the court has dismissed a § 2255 motion (or claims within a § 2255 motion) on procedural grounds, the movant must show that reasonable jurists would find debatable (1) whether the court was correct in its procedural ruling, and (2) whether the motion states a valid claim of the denial of a constitutional right. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).[3] When the court has denied a § 2255 motion or claims within the motion on the merits, the movant must show that reasonable jurists would find the court's decision on the merits to be debatable or wrong. *Slack,* 529 U.S. at 484; *Allen v. Ornoski,* 435 F.3d 946, 951 (9th Cir. 2006).

---

[3] The requirements for a certificate of appealability for a § 2255 appeal do not appear to differ from the requirements for a certificate of appealability for a § 2254 habeas petition related to a state conviction. *See United States v. Asrar,* 116 F.3d 1268 (9th Cir. 1997). Therefore, cases addressing the requirements in the context of a § 2254 proceeding are pertinent to a § 2255 proceeding as well.

After carefully considering the record and the relevant case law, the Court finds that reasonable jurists would not find the Court's determination that Kitzman waived his right to file a § 2255 on the grounds stated in his Motion to be debatable or wrong. Accordingly, a certificate of appealability will not issue.

**ORDER**

**IT IS ORDERED:**

1. Mark Daniel Kitzman's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Dkt. 1) is **DISMISSED** in its entirety.

2. No certificate of appealability shall issue. Kitzman is advised that he may still request a certificate of appealability from the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b) and Local Ninth Circuit Rule 22-1. To do so, he must file a timely notice of appeal.

3. If Kitzman files a timely notice of appeal, and not until such time, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the Ninth Circuit Court of Appeals. The district court's file in this case is available for review online at www.id.uscourts.gov.

DATED: **May 15, 2011**

Honorable B. Lynn Winmill
Chief U. S. District Judge